Suit by Alvin D. McGuire against Wilfrid T. Robarts and others for a declaratory decree adjudicating the plaintiff's rights and status under the City Charter of Sarasota, Florida, and special act creating a pension fund for the police department of Sarasota, Florida. From a final decree for the defendants, the plaintiff appeals.
Affirmed.
Appellant filed a bill for declaratory decree against appellees in which he prayed for an adjudication of his rights and status under Chapter 23529, Sp.Acts of 1945, City Charter of Sarasota, Florida, and Chapter 24888, Sp.Acts of 1947, creating a pension fund for the police department of the City hereinafter referred to as the pension act. An answer was filed, testimony was taken and a final decree was entered for appellees. This appeal is from the final decree.
The point for determination is whether or not appellant is eligible to apply for and take a competitive examination to qualify for appointment as Chief of Police of the City of Sarasota. *Page 288 
The Civil Service Board created under the City Charter rejected the application of appellant to take the examination on authority of Sections 3 and 19 of the pension act. The pertinent part of Section 3 provides that applicants for appointment to the police department must not be over 35 years of age, of good moral character and must be qualified under the Civil Service rules of the City of Sarasota in force at the time of their application and appointment to the service.
Section 19 of the pension act provides that no person shall become a member of the police department who shall have reached his thirty-fifth birthday and must be qualified under the rules and regulations of the Civil Service Board of the City. Section 2 of the pension act, provides that "Members of the said Police Department shall be construed as including all officers, policemen, clerks and other employees regularly employed in said department and whose employment shall be regular and continuous and not of a temporary character and whose employment is under the jurisdiction of the Civil Service Board of the City of Sarasota".
It is admitted that appellant is over the age of thirty-five years but he contends that since no age limit is mentioned in the City Charter Chapter 23529, but is specified only in the pension law, it was intended as a limitation on those who expected to apply for pension and should not be construed as a limitation on those who sought to become members of the police department.
The chancellor rejected this contention and held that in view of Section 27 of the pension law requiring that all provisions of the City Charter "in conflict with this Act are modified consistent with the provisions of this Act", appellant was barred from the examination on account of his age. He also held that the two acts were consistent and that no repugnance between them was shown.
It is further contended that Sections 3 and 19 of the pension act violate Section 16, Article III of the Constitution, F.S.A., in that (1) they embody more than one subject matter, and (2) the subject matter of said act is not briefly expressed in the title.
There is no merit to this contention. The primary purpose of the pension act is to create a pension fund for the police department and to provide means for its administration. It deals with a single subject matter and the definition of the term "police department" is so comprehensive that the world is on notice of its contents and purpose.
The judgment appealed from is therefore affirmed.
Affirmed.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur.